IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONALD ANTHONY ROBINSON,
    Plaintiff,

vs.                                                Case No.: 3:06cv403/RV/EMT

J.G. DAVIS, et al.,
    Defendants.
_____/

### ORDER, REPORT AND RECOMMENDATION

        This cause is before the court on Plaintiff's amended motion for default judgment (Doc. 95), in which he seeks a default judgment against Defendants on the ground that they failed to plead or otherwise defend this action by the court-ordered deadline for doing so. Defendants have filed a Motion for Permission to File Motion for Summary Judgment in Excess of 25 Pages (Doc. 96), Motion for Extension of Time to Respond to Court's Order to Show Cause (Doc. 97), and Motion to Accept Special Report in Response to Court's Order of December 28 and Plaintiff's Motion for Default, in which Defendants request that the court accept their special report as timely filed (Doc. 100).

        The undersigned will first address Defendants' Motion for Extension of Time to Respond to Court's Order to Show Cause (Doc. 97) and Motion to Accept Special Report in Response to Court's Order of December 28 and Plaintiff's Motion for Default (Doc. 100). Rule 6 of the Federal Rules of Civil Procedure provides, in relevant part:

> **(b)**     **Extending Time**.
> **(1) In General**. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> **(A)** with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

>   **(B)** on motion made after the time has expired if the party failed to act because of excusable neglect.
>
>   **(2) Exceptions**.  A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b), except as those rules allow.

Fed. R. Civ. P. 6(b).

In the instant case, Defendants were ordered to file a response to the complaint, in the form of a special report, on or before December 17, 2007 (*see* Doc. 89).  Defendants failed to do so; therefore, the court issued an order on December 28, 2007, giving Defendants twenty days (until January 17, 2008) to show cause for their failure to do so (*see* Doc. 90).  On January 17, 2008, Defendants filed the instant Motion for Extension of Time to Respond to Court's Order to Show Cause (Doc. 97); on January 18, 2008, they filed their special report (Docs. 98, 99); and on January 22, 2008, they filed the instant Motion to Accept Special Report in Response to Court's Order of December 28 and Plaintiff's Motion for Default, in which they request that the court accept their special report as timely filed (Doc. 100).  As cause for their failure to file the special report and response to the show cause order on time, Defendants' counsel states that although she made substantial progress towards completing the special report on time, she was unable to complete it by the deadline due to the staggering number of grievances filed by Plaintiff (nearly 900 in a 15-month period) that she was required to locate and review, her inability to discuss Plaintiff's claims with some Defendants due to their unavailability during the holiday season, and unexpected work demands, including her appearance as co-counsel in a death penalty case (*id*. at 1–5).  The undersigned concludes that Defendants have shown good cause for their request for a one-day extension of time to file a response to the show cause order, and they have shown excusable neglect for their failure to file a special report by the deadline; therefore, Defendants are entitled to an extension of time up to and including January 18, 2008, to file both documents.

The undersigned will next address Plaintiff's amended motion for default judgment (Doc. 95).  Rule 55 of the Federal Rules of Civil Procedure provides, in part:

>   **(a)    Entering a Default**.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

**(b)** **Entering a Default Judgment**.

**(1)** *By the Clerk*. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

**(2)** *By the Court*. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

**(A)** conduct an accounting;

**(B)** determine the amount of damages;

**(C)** establish the truth of any allegation by evidence; or

**(D)** investigate any other matter.

**(c)** **Setting Aside a Default or a Default Judgment**. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

Fed. R. Civ. P. 55.

In the instant case, in light of the court's determination that Defendants are entitled to an extension of time to file their special report, as previously discussed, all of the necessary elements of default are not present. Most importantly, there is no evidence that Defendants failed to plead or otherwise defend this action. Accordingly, entry of a default at this time would be improper.

Accordingly, it is **ORDERED**:

Defendants' Motion for Permission to File Motion for Summary Judgment in Excess of 25 Pages (Doc. 96), Motion for Extension of Time to Respond to Court's Order to Show Cause (Doc. 97), and Motion to Accept Special Report in Response to Court's Order of December 28 and

Plaintiff's Motion for Default (Doc. 100) are **GRANTED**.

And it is respectfully **RECOMMENDED**:

That Plaintiff's amended motion for default judgment (Doc. 95) be **DENIED**.

At Pensacola, Florida, this 23<u>rd</u> day of January 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**